# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF KENTUCKY
# AT PADUCAH

**JAMES RICHARD THOMAS**                                                               **PLAINTIFF**

**v.**                                                            **CIVIL ACTION NO. 5:15CV-P49-TBR**

**FULTON CNTY. DET. CTR.** *et al.*                                                  **DEFENDANTS**

## MEMORANDUM OPINION

Plaintiff James Richard Thomas, currently an inmate at the Roederer Correctional Complex, initiated this *pro se* action in the United States District Court for the Eastern District of Kentucky (EDKY). He sued jails and jail personnel in Kenton, Webster, Fulton, and Carroll Counties. Thereafter, Plaintiff filed an amended complaint. Subsequently, the EDKY found that this Court was the proper venue for Plaintiff's claims concerning his incarceration in Webster and Fulton Counties, severed those claims, and transferred the two cases to this Court.[1]

Thereafter, this Court ordered Plaintiff to re-file his action on this Court's form for filing a 42 U.S.C. § 1983 action. The Court's Order directed that the complaint filed on this Court's form would supersede the original complaint and amended complaint. Plaintiff complied with this Court's Order and filed his complaint on this Court's approved form (DN 18).

This matter is before the Court for initial review of the complaint (DN 18) pursuant to 28 U.S.C. § 1915A and *McGore v. Wrigglesworth*, 114 F.3d 60 (6th Cir. 1997), *overruled on other grounds by Jones v. Bock*, 549 U.S. 199 (2007). For the reasons that follow, the Court will dismiss this action.

---

[1] The action containing the claims against Webster County and its employees was filed as civil action number 4:15-CV-49-TBR.

## I. SUMMARY OF CLAIMS

Plaintiff identifies the following Defendants in this action: (1) Fulton County Detention Center (FCDC); (2) Ricky Parnell, the Jailer at FCDC; and (3) FCDC "Medical Department Staff." Each Defendant is sued in his individual and official capacities. Plaintiff seeks punitive damages and injunctive relief. As to injunctive relief, Plaintiff requests "modification of sentence presently serving in order to receive the proper medical attention."

Plaintiff states that beginning on or around February 2013, he "acquired a medical condition which consist of severe neck and shoulder pain." He states that just prior to being transferred to the FCDC, he was incarcerated at the Webster County Detention Center (WCDC) where he was examined by a doctor and x-rays of his neck were taken. He states that he was never treated at the WCDC, but transferred to the FCDC where he "started the process over again." Plaintiff states that "[t]o this date, I have still been denied any medical treatment for my neck condition." He states that he has been incarcerated in the FCDC on two occasions, and that when arriving at the FCDC he "submitted a medical request form for immediate medical attention." He asserts that instead of ever receiving treatment, he is transferred to a different institution to circumvent receiving any medical treatment. Plaintiff contends that his "civil rights are being violated by denying myself 'Due Process' and 'Medical Attention.'"

## II. STANDARD OF REVIEW

When a prisoner initiates a civil action seeking redress from a governmental entity, officer, or employee, the trial court must review the complaint and dismiss the complaint, or any portion of it, if it determines that the complaint is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A; *McGore v. Wrigglesworth*, 114 F.3d at 604. A claim is

legally frivolous when it lacks an arguable basis either in law or in fact. *Neitzke v. Williams*, 90 U.S. 319, 325 (1989). The trial court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. *Id.* at 327. In order to survive dismissal for failure to state a claim, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).

"[A] district court must (1) view the complaint in the light most favorable to the plaintiff and (2) take all well-pleaded factual allegations as true." *Tackett v. M & G Polymers, USA, LLC*, 561 F.3d 478, 488 (6th Cir. 2009) (citing *Gunasekera v. Irwin*, 551 F.3d 461, 466 (6th Cir. 2009) (citations omitted)). "But the district court need not accept a 'bare assertion of legal conclusions.'" *Tackett v. M & G Polymers, USA, LLC*, 561 F.3d at 488 (quoting *Columbia Natural Res., Inc. v. Tatum*, 58 F.3d 1101, 1109 (6th Cir. 1995)). The court's duty "does not require [it] to conjure up unpled allegations," *McDonald v. Hall*, 610 F.2d 16, 19 (1st Cir. 1979), or to create a claim for a plaintiff. *Clark v. Nat'l Travelers Life Ins. Co.*, 518 F.2d 1167, 1169 (6th Cir. 1975). To command otherwise would require the district court "to explore exhaustively all potential claims of a *pro se* plaintiff, [and] would also transform the district court from its legitimate advisory role to the improper role of an advocate seeking out the strongest arguments and most successful strategies for a party." *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985).

### III. ANALYSIS

*A. Official-Capacity Claims*

Plaintiff sues the FCDC and the other individual Defendants in their official capacities as employees of Fulton County. "Official-capacity suits . . . 'generally represent [] another way of pleading an action against an entity of which an officer is an agent.'" *Kentucky v. Graham*, 473 U.S. 159, 165 (1985) (quoting *Monell v. Dep't of Soc. Servs. of N.Y.*, 436 U.S. 658, 690 n.55 (1978)). Suing Defendants in their official capacities is the equivalent of suing their employer, Fulton County. *See Lambert v. Hartman*, 517 F.3d 433, 439-40 (6th Cir. 2008) (stating that civil rights suit against county clerk of courts in his official capacity was equivalent of suing clerk's employer, the county); *Matthews v. Jones*, 35 F.3d 1046, 1049 (6th Cir. 1994) (advising that since the county police department is not an entity which may be sued, the county is the proper party); *Bradford v. Hammond*, No. Civ.A.3:05CVP459-H, 2005 WL 2739154, at *2 (W.D. Ky. Oct. 21, 2005) (construing a claim against Louisville Metro Corrections as one brought against Louisville/Jefferson County Metro Government); *Smallwood v. Jefferson Cnty. Gov't*, 743 F. Supp. 502, 503 (W.D. Ky. 1990) (concluding that a suit against the Jefferson County Government, the Jefferson County Fiscal Court, and the Jefferson County Judge Executive is actually a suit against Jefferson County itself).

When a § 1983 claim is made against a municipality, this Court must analyze two distinct issues: (1) whether Plaintiff's harm was caused by a constitutional violation; and (2) if so, whether the municipality is responsible for that violation. *Collins v. City of Harker Heights, Tex.*, 503 U.S. 115, 120 (1992). The Court will first address the second issue, *i.e.*, whether the municipality is responsible for the alleged constitutional violation.

"[A] municipality cannot be held liable *solely* because it employs a tortfeasor -- or, in other words, a municipality cannot be held liable under § 1983 on a *respondeat superior* theory." *Monell v. Dep't of Soc. Servs. of N.Y.*, 436 U.S. at 691; *Searcy v. City of Dayton*, 38 F.3d 282, 286 (6th Cir. 1994); *Berry v. City of Detroit*, 25 F.3d 1342, 1345 (6th Cir. 1994). "The 'official policy' requirement was intended to distinguish acts of the *municipality* from acts of *employees* of the municipality, and thereby make clear that municipal liability is limited to action for which the municipality is actually responsible." *Pembaur v. Cincinnati*, 475 U.S. 469, 479 (1986).

A municipality cannot be held responsible for a constitutional deprivation unless there is a direct causal link between a municipal policy or custom and the alleged constitutional deprivation. *Monell v. Dep't of Soc. Servs. of N.Y.*, 436 U.S. at 694; *Deaton v. Montgomery Cnty., Ohio*, 989 F.2d 885, 889 (6th Cir. 1993). Simply stated, "a plaintiff must 'identify the policy, connect the policy to the [county] itself and show that the particular injury was incurred because of the execution of that policy.'" *Garner v. Memphis Police Dep't*, 8 F.3d 358, 364 (6th Cir. 1993) (quoting *Coogan v. City of Wixom*, 820 F.2d 170, 176 (6th Cir. 1987), *overruled on other grounds by Frantz v. Vill. of Bradford*, 245 F.3d 869 (6th Cir. 2001)). The policy or custom "must be 'the moving force of the constitutional violation' in order to establish the liability of a government body under § 1983." *Searcy v. City of Dayton*, 38 F.3d at 286 (quoting *Polk Cnty. v. Dodson*, 454 U.S. 312, 326 (1981) (citation omitted)).

In the instant case, Plaintiff alleges that he has been denied medical treatment for "severe neck and shoulder pain." He fails to allege that any Fulton County policy or custom resulted in the alleged denial of medical treatment or caused his alleged harm. As nothing in the complaint demonstrates any purported wrongdoing occurred as a result of a policy or custom implemented

or endorsed by Fulton County, the complaint fails to establish a basis of liability against this municipality, and it fails to state a cognizable § 1983 claim.

Accordingly, the official-capacity claims against all Defendants will be dismissed pursuant to 28 U.S.C. § 1915A(b)(1) for failure to state a claim upon which relief may be granted.

## *B. Individual-Capacity Claims*

To state a claim under § 1983, a plaintiff must allege that 1) a right secured by the Constitution or a federal statute has been violated, and 2) the violation was committed by a person acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988); *Flanory v. Bonn*, 604 F.3d 249, 253 (6th Cir. 2010). A complaint filed under § 1983 must show a causal connection between each of the named Defendants and the alleged constitutional deprivation. A § 1983 complaint must allege that specific conduct by each Defendant was the proximate cause of the constitutional injury. *King v. Massarweh*, 782 F.2d 825, 828-29 (9th Cir. 1986). "Congress did not intend § 1983 liability to attach where causation is absent." *Deaton v. Montgomery Cnty. Ohio*, 989 F.2d at 889. To establish causation, Plaintiff must adduce "an affirmative link . . . [a] moving force that animated the behavior . . . that resulted in the constitutional violations alleged." *Id.* When the theory of causation is a matter of pure speculation and is nothing more than an hypothetical argument, the pleadings are insufficient to sustain a compensable § 1983 claim. *Horn v. Madison Cnty. Fiscal Court*, 22 F.3d 653, 659 (6th Cir. 1994).

While the Court is aware of its duty to construe *pro se* complaints liberally, Plaintiff is not absolved of his duty to comply with the Federal Rules of Civil Procedure by providing Defendants with "fair notice of the basis for [his] claims." *Swierkiewicz v. Sorema N.A.*,

534 U.S. 506, 514 (2002). To state a claim for relief, Plaintiff must show how each Defendant is accountable because the Defendant was personally involved in the acts about which Plaintiff complains. *Rizzo v. Goode*, 423 U.S. 362, 375-77 (1976); *see Colvin v. Caruso*, 605 F.3d 282, 292 (6th Cir. 2010) (stating "officials are personally liable for damages under [§ 1983] 'only for their own unconstitutional behavior'") (quoting *Leach v. Shelby Cnty. Sheriff*, 891 F.2d 1241, 1246 (6th Cir. 1989)). "[A] plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution." *Ashcroft v. Iqbal*, 556 U.S. 662, 676 (2009).

Plaintiff states that he submitted a medical request form for immediate medical attention when he arrived at the FCDC, but he was denied any medical treatment. He fails to state who denied his request or how any of the named Defendants were involved in the alleged denial. Plaintiff connects none of the allegations of wrongdoing to any of the named Defendants. Having failed to causally connect these allegations to any of the named Defendants, these claims must be dismissed.

There is an additional reason the individual-capacity claims must be dismissed. The Eighth Amendment's proscription against cruel and unusual punishment prohibits prison officials from deliberate indifference to an inmate's serious medical needs since such indifference constitutes the "unnecessary and wanton infliction of pain." *Estelle v. Gamble*, 429 U.S. 97, 104-06 (1976); *Flanory v. Bonn*, 604 F.3d at 253. "In order to state a cognizable claim, a prisoner must allege acts or omissions sufficiently harmful to evidence deliberate indifference to serious medical needs." *Estelle v. Gamble*, 429 U.S. at 106; *Terrance v. Northville Reg'l Psychiatric Hosp.*, 286 F.3d 834, 843 (6th Cir. 2002).

An Eighth Amendment claim consists of both an objective and subjective component. *Farmer v. Brennan*, 511 U.S. 825 (1994); *Hudson v. McMillian*, 503 U.S. 1 (1992); *Flanory v. Bonn*, 604 F.3d at 253. The objective component requires that the medical need be sufficiently serious. *Rhodes v. Chapman*, 452 U.S. 337 (1981); *Hunt v. Reynolds*, 974 F.2d 734, 735 (6th Cir. 1992). This component is contextually driven and is responsive to "contemporary standards of decency." *Hudson v. McMillian*, 503 U.S. at 8. The subjective component requires that the official's conduct be deliberately indifferent to Plaintiff's needs. *Farmer v. Brennan*, 511 U.S. 825; *Wilson v. Seiter*, 501 U.S. 294 (1991); *Hunt v. Reynolds*, 974 F.2d at 735. Deliberate indifference is a "state of mind more blameworthy than negligence." *Farmer v. Brennan*, 511 U.S. 835.

"To satisfy the subjective component, the plaintiff must allege facts which, if true, would show that the official being sued subjectively perceived facts from which to infer substantial risk to the prisoner, that he did in fact draw the inference, and that he then disregarded that risk." *Comstock v. McCrary*, 273 F.3d 693, 703 (6th Cir. 2001) (citing *Farmer v. Brennan*, 511 U.S. at 837). "The requirement that the official have subjectively perceived a risk of harm and then disregarded it is meant to prevent the constitutionalization of medical malpractice claims; thus, a plaintiff alleging deliberate indifference must show more than negligence or the misdiagnosis of an ailment." *Id.* (citing *Estelle v. Gamble*, 429 U.S. at 106; *Farmer v. Brennan*, 511 U.S. at 835).

Not every claim of inadequate medical treatment states an Eighth Amendment violation. *Estelle v. Gamble*, 429 U.S. at 105. Neither negligent medical care nor delay in medical care constitutes a constitutional violation without deliberate indifference resulting in substantial harm. *Acord v. Brown*, No. 93-2083, 1994 WL 679365, at *2 (6th Cir. Dec. 5, 1994) ("Accidents, mistakes, negligence and medical malpractice are not constitutional violations merely because

the victim is a prisoner. Neither negligent medical care nor delay in medical care constitutes a violation of the Eighth Amendment unless there has been deliberate indifference, which results in substantial harm.") (citation omitted); *Mendoza v. Lynaugh*, 989 F.2d 191, 195 (5th Cir. 1993) ("Succinctly stated, negligent medical care does not constitute a valid section 1983 claim. Further, delay in medical care can only constitute an Eighth Amendment violation if there has been deliberate indifference, which results in substantial harm.").

As to the objective component of his Eighth Amendment claim, although Plaintiff fails to allege the medical condition for which he needs treatment, he admits to having been seen by a doctor and having x-rays taken of the area about which he complains at the Webster County Detention Center (WCDC) prior to being transferred to the FCDC. Further, he states that he suffers with severe neck and shoulder pain. Thus, for purposes here the Court will assume, but not decide, that Plaintiff satisfies the objective component of an Eighth Amendment claim.

Where Plaintiff's problem lies is with the subjective component of his alleged Eighth Amendment claim. Plaintiff has not alleged any indifference on the part of any named Defendant. He does not state that any Defendant knew of his medical need or was involved in receiving the request for medical treatment he states he submitted. "Knowledge of the asserted serious needs or of circumstances clearly indicating the existence of such needs, is essential to a finding of deliberate indifference." *Horn v. Madison Cnty. Fiscal Court*, 22 F.3d at 660. The complaint is void of any allegation that any of the named Defendants was indifferent to his claimed pain or medical condition.

For these reasons, the individual-capacity claims against Defendants will be dismissed pursuant to 28 U.S.C. § 1915A(b)(1) for failure to state a claim upon which relief may be granted.

## IV. **CONCLUSION**

For the foregoing reasons the Court will dismiss this action by separate Order.

Date:

cc: Plaintiff, *pro se*
    Defendants
4413.003